**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RAYMOND A. BRANNIGAN, JR.,

                              Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

24-CV-8771 (JW)

**SCHEDULING ORDER**

**JENNIFER E. WILLIS, United States Magistrate Judge.**

The above-referenced social security action has been consented to proceed before Magistrate Judge Willis. This Order supersedes all prior scheduling orders in this matter. All motions and applications, including those related to scheduling, and all motions to dismiss or for judgment on the pleadings, must be made to Judge Willis and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-jennifer-e-willis.

In order to promote the efficient adjudication of this matter, Judge Willis expects the parties to adhere to the following schedule and comply with the following procedures:

1. Defendant shall **<u>serve</u>** (but not file) the electronic certified transcript of the administrative proceedings (e-CAR) no later than 90 days after defendant was served with process in this action, and shall file proof of such service on the docket.

2. **No later than 30 days after the e-CAR is served**, counsel for plaintiff must send a **written proposal for settlement** to counsel for the Commissioner, summarizing plaintiff's strongest arguments, with specific

references to the portions of the record supporting those arguments, to determine if the case can be resolved.

3. Promptly upon receipt of plaintiff's settlement proposal, counsel for the Commissioner must consult with the agency, evaluate the merits of the proposal, and meet and confer with plaintiff's counsel in good faith, **in person or by telephone**, to determine whether the case can be resolved without further expenditure of attorney time and judicial resources. An exchange of emails is not sufficient.

4. **No later than 30 days after plaintiff's settlement proposal is due**, the parties shall either:

   a. file a stipulation dismissing, remanding, or otherwise resolving the case; or

   b. file a joint letter advising the Court that they have complied with the requirements of paragraphs 2 and 3 above but were unable to resolve the case and are proceeding to brief their respective positions in accordance with paragraphs 5-7 below.

5. In the event the parties were unable to resolve the case, defendant shall **file** the e-CAR, which shall constitute the Commissioner's answer, the same day the joint letter described in paragraph 4(b) above is due.

6. **No later than 30 days after the e-CAR is filed**, plaintiff shall file his or her motion for judgment on the pleadings. The motion for judgment on the pleadings must contain, in appropriately titled portions of plaintiff's

brief:

    **a. a full description of the relevant facts, and**

    **b. a full description of the relevant administrative proceedings**,

both of which must be supported by citations to the supporting pages of the e-CAR.

7. The Commissioner shall file her response to the motion for judgment on the pleadings, and any cross-motion, **no later than 60 days after plaintiff's motion is filed**. The response must state, in appropriately titled portions of defendant's brief, **whether the Commissioner agrees with plaintiff's descriptions of the relevant facts and the relevant administrative proceedings, and – if not – whether plaintiff's description misstates, mischaracterizes, or omits any material facts or proceedings.** Additionally, the Commissioner must clearly identify the portion(s) of plaintiff's description with which she disagrees and cite to the pages of the e-CAR that support his position. Similarly, if the Commissioner agrees with plaintiff's description but wishes to direct the Court to additional facts in the record that she deems material, she must clearly identify those facts, explain why they are material to this Court's decision, and cite to the supporting pages of the e-CAR.

8. **No later than 21 days after the Commissioner's response is filed**, plaintiff shall file any reply.

The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue. When citing relevant cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the Administrative Record for all evidence relied upon [*i.e.*, "R. at ___"]. In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or other standard reference work. The parties may not supplement the record beyond the definition of technical terms.

If Defendant believes that any of the statements in Plaintiff's summary of the record is inaccurate in any respect, then Defendant's brief shall include a footnote or section that lists each such statement, explains why each such statement is inaccurate, and includes supporting cites to the record. If Plaintiff believes that any of the statements in Defendant's summary of the record is inaccurate in any respect, then Plaintiff's responsive brief shall include a footnote or section that lists each such statement, explains why each such statement is inaccurate, and includes

supporting cites to the record.

Memoranda filed in support of or in opposition to any dispositive motion shall not exceed 25 pages, and reply memoranda shall not exceed 10 pages. Any party seeking to exceed these page limitations must apply to Judge Willis for leave to do so, with copies to all counsel, **no later than seven days before the date upon which the memorandum must be filed** and otherwise in compliance with Judge Willis's Individual Practices in Civil Cases. Memoranda exceeding 10 pages must include a table of contents and a table of authorities, neither of which shall count against the page limit.

Counsel for the Plaintiff must serve this Order on the Defendant and must file proof of such service with the Court.

SO ORDERED.

Dated:    New York, New York
          December 3, 2024

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge