**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

BRANNIGAN,

Plaintiff,

-against-

COMISSIONER OF SOCIAL SECURITY

Defendant.

------------------------------------------------------------X

**ORDER**

**24-CV-8771 (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff Raymond Brannigan ("Plaintiff") brings this action pursuant to Section 205 (g) of the Social Security Act ("SSA"), as amended, 42 U.S.C. § 405(g), for judicial review of the final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner" or "Defendant"), via Administrative Law Judge Vincent M. Casio (the "ALJ" or "ALJ Casio") denying Plaintiff's application for disability insurance benefits.

## BACKGROUND

### A. Procedural history

Plaintiff applied for benefits on April 14, 2022, due to autism spectrum disorder and bipolar disorder. Dkt. No. 14 (hereinafter "R. __") at 151–157.[1] Plaintiff's application was denied initially and on reconsideration. R. 75–78, 91–94.

A hearing was held on May 26, 2023, before ALJ Casio. R. 30–56. Plaintiff appeared with an attorney via telephone. Id. On December 18, 2023, the ALJ denied

[1] All references to page numbers within the SSA Administrative Record (Dkt. No. 14) are in accordance with the page numbers found at the bottom right corner of the page.

Plaintiff's application for disability benefits. R. 10–21. Plaintiff requested a review of the ALJ's decision, and on September 12, 2024, the Appeals Council denied that request. R. 1–6.

Plaintiff commenced this action, by and through his counsel, by filing a complaint on November 18, 2024. Dkt. No. 1. On February 20, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. Dkt. Nos. 17–18. On March 17, 2026, the Commissioner filed a brief in opposition to the motion. Dkt. No. 20. On March 31, 2026, Plaintiff submitted a reply. Dkt. No. 21. The Court considers the motion fully briefed.

### B. Relevant medical evidence

While Plaintiff attended various medical evaluations with different providers, the Court only summarizes the medical history relevant to the arguments set forth in the instant motion.

#### 1. Dr. Kerekes

On February 13, 2023, psychiatric consultative examiner Dr. Maritza Kerekes, Psy. D ("Dr. Kerekes") completed a psychiatric evaluation of Plaintiff. R. 252–257. Dr. Kerekes reported the following:

> Consistency: The results of the mental status examination are consistent with the [Plaintiff's] vocation and educational history.
>
> MODE OF LIVING: [Plaintiff] is able to dress, bathe, groom himself, perform general cleaning and laundry. With regard to cooking, he is able to use a microwave and prepare sandwiches. Otherwise, his parents cook and help prepare his meals. [Plaintiff] dopes not shop due to medical social anxiety. . . .

> MEDICAL SOURCE STATEMENT: There is no evidence of limitation in [Plaintiff's] ability to understand, remember, or apply simple directions and instructions; maintain personal hygiene and appropriate attire; and awareness of normal hazards and taking appropriate precautions. There is mild limitation in [Plaintiff's] ability to understand, remember, or apply complex directions and instructions; and sustain concentration and perform a task at a consistent pace. There is mild to moderate limitation in [Plaintiff's] ability to use reason and judgement to make work-related decisions, and moderate to marked limitation in [Plaintiff's] ability to sustain an ordinary routine and regular attendance at work. Difficulties are caused by autism and anxiety.
>
> The results of the examination appear to be consistent with psychiatric and cognitive problems, and this may significantly interfere with [Plaintiff's] ability to function on a daily basis.

R. 256. Further, Dr. Kerekes reported that Plaintiff would "need assistance to manage funds due to statement that his father helps manage his money." R. 257.

### C. <u>ALJ's decision</u>

On December 18, 2023, ALJ Cascio issued a decision denying Plaintiff's application for disability benefits. R. at 10–21. In reaching a decision, the ALJ applied the standard five-step analysis.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 14, 2022 (the application date). R. at 12.

At step two, the ALJ found that Plaintiff had severe impairments of social anxiety disorder and autism spectrum disorder. R. 12.

At step three, ALJ Cascio concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. 12.

At step four, ALJ Cascio determined that Plaintiff retained the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out simple, routine repetitive work related tasks; have occasional contact with supervisors and co-workers; have no contact with the public; and must work in a low stress job defined as requiring only occasional decision making." R. 15. In reaching the RFC determination, the ALJ discussed the persuasiveness of each medical opinion and considered Plaintiff's hearing testimony. R. at 18–22.

Because only one medical opinion is at issue, the Court only summarizes ALJ Cascio's analysis with respect to the medical opinion of Dr. Kerekes. The ALJ found Dr. Kerekes's opinion partially persuasive "since it was based upon her own thorough exam and is consistent therewith, with the rather stable mental status examination" and "provides probative evidence to support the psychiatric impairment being severe." R. 19. Additionally, ALJ Cascio found that "this portion of Dr. Kerekes's opinion is supported by the record which shows the claimant had mild to moderate GAD-7 scores during therapeutic treatment with scores ranging from zero to six." R. 19.

However, ALJ Cascio found Dr. Kerekes' opinion that Plaintiff has "marked limitations in his ability to sustain an ordinary routine and regular attendance at

work" not persuasive. In coming to this conclusion, ALJ Cascio noted the following: "By the claimant's own admission, he can dress, bathe, and groom himself, clean, do laundry, iron, use the stove and microwave, take out the trash, shovel snow, pay bills and count change, engage in software engineering, digital art, sculpting and painting, drawing, and game development (Testimony; Exhibit B3E; B6E). Moreover, his limited therapy records are rather benign (Exhibit 6F)." R. 19.

Lastly, at step five, ALJ Cascio concluded that based on Plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, jobs exist in significant numbers in the national economy that Plaintiff can perform such as laboratory equipment cleaner, kitchen helper, and mail clerk. R. 20.

Therefore, the ALJ found that Plaintiff had not been under a disability, as defined under the SSA, and was not entitled to benefits for the period between April 14, 2022 (the application date) and December 18, 2023 (the date of the ALJ's decision). R. 20.

## LEGAL STANDARD

### A. Standard of review

"It is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. See 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996).

**B. Five-step sequential evaluation process**

Under the Social Security Act, a claimant is disabled if they lack the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. at § 423(d)(2)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See Rolon v. Comm'r of Soc. Sec., No. 12 Civ. 4808 (AJN), 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014) (citing Shaw v. Chater, 221 F.3d 126, 132 (2d Cir.2000)); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof during steps one through four and then the burden shifts to the Commissioner at step five. See Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national

economy. See Butts v. Barnhart, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

**DISCUSSION**

Plaintiff solely argues that ALJ Cascio's decision should be reversed and remanded because he failed to explain the supportability and consistency factors when finding the medical opinion of Dr. Kerekes partially persuasive.

Post 2017, ALJs no longer assign weight to a medical opinion, but instead "evaluate their persuasiveness based on the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) any other factor that tends to support or contradict a medical opinion." Jackson v. Kijakazi, No. 20 Civ. 7476 (JLC), 588 F.Supp.3d 558, 578 (S.D.N.Y. 2022) (cleaned up) (quoting 20 C.F.R. §§ 404.1520c(a)–(c), 416 920c(a)–(c)). An ALJ must explain his approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

With respect to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." Id. § 404.1520c(c)(1). Further, the supportability analysis does not require the ALJ to name each individual document he considered, but more generally, it requires "the ALJ [to] [] conduct an inquiry confined to the medical source's own records that focuses on how well a medical source

supported and explained their opinion." Ayala v. Kijakazi, No. 20 Civ. 09373 (RWL), 620 F.Supp.3d 6, 30 (S.D.N.Y. 2022) (internal quotations omitted). The ALJ's supportability analysis should not be purely "conclusory" or "offer no insight into how well [the medical sources] supported and explained their opinion." Id. at 31. "[T]he ALJ must discuss the crucial factors in any determination . . . with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." Id. at 30 (quoting Prieto v. Comm'r of Soc. Sec., No. 20 Civ. 3941 (RWL), 2021 WL 3475625, at *13 (S.D.N.Y. Aug. 6, 2021)).

As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." Id. at § 404.1520c(c)(2). "Consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record, not just what a medical source had available to them." Navedo v. Kijakazi, No. 20 Civ. 10013 (JLC), 616 F.Supp.3d 332, 348 (S.D.N.Y. 2022). An ALJ's analysis of the consistency factor is insufficient when the assessment "ignores or mischaracterizes medical evidence or cherry-picks evidence that supports [the ALJ's] RFC determination while ignoring other evidence to the contrary." Jackson v. Kijakazi, No. 20 Civ. 7476 (JLC), 588 F.Supp.3d 558, 585 (S.D.N.Y. Mar. 3, 2022) (citation omitted).

An ALJ's failure to properly consider and apply the requisite factors for evaluating medical source opinions is grounds for remand. See, e.g., Balotti v.

Comm'r of Soc. Sec., No. 20 Civ. 8944 (RWL), 605 F. Supp. 3d 610, 622 (S.D.N.Y. June 6, 2022) (remanding so that ALJ can "separately discuss supportability and consistency"); Rivera v. Comm'r of Soc. Sec. Admin., No. 19 Civ. 4630 (LJL) (BCM), 2020 WL 8167136, at *22 (S.D.N.Y. Dec. 30, 2020) (same), report and recommendation adopted, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021).

**A. Supportability**

Plaintiff alleges that ALJ Cascio "neglected to perform any inquiry into the explanation and clinical findings provided by Dr. Kereke which is required by the supportability factor." Dkt. No. 18 at 10. Defendant counters that the ALJ adequately assessed supportability because he noted that Dr. Kerekes' assessment was "based upon her own thorough exam and is consistent therewith, with the rather stable mental status examination." Dkt. No. 20 at 7–8. Defendant also references portions of Dr. Kerekes' examination which importantly, were not explicitly noted by the ALJ in his determination. See id.

The Court ultimately finds the ALJ's supportability assessment highly conclusory. Here, the ALJ only offered that Dr. Kerekes' opinion was partially persuasive because "it was based upon her own thorough exam and is consistent therewith, with the rather stable mental status examination" and "provides probative evidence to support the psychiatric impairment being severe." R. 19.

Such conclusory statements offer no insight into "how well [the doctor] supported and explained their opinion" and are insufficient to withstand review. Vellone v. Saul, No. 20 Civ. 261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y.

Jan. 29, 2021), report and recommendation adopted, 2021 WL 2801138 (S.D.N.Y. July 6, 2021). See also Prieto, 2021 WL 3475625, at *13 (concluding that the ALJ "failed to satisfy his obligations under the [new] regulations" when, in applying the supportability and consistency factors, the only reasoning the ALJ provided was that the doctor's opinion was "supported by the medical evidence of the record and by her underlying examination") (internal quotation marks omitted); Ayala, 620 F.Supp.3d at 31 (remanding where "[t]he ALJ's assessment of the supportability of Dr. Chen and Dr. Healy's opinions is highly conclusory" because the ALJ "offered only that 'Dr. Chen's opinion is supported by record review' and that 'Dr. Healy's opinion is supported by examination'").

While Defendants point to other information within Dr. Kerekes's evaluation that *could* have been considered by ALJ Cascio to assess supportability, "this Court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." Garner v. Berryhill, No. 13 Civ. 5786 (CS) (LMS), 2017 WL 2438805, at *2 (S.D.N.Y. June 5, 2017) (citation omitted). What is before the Court is insufficient to decide whether the ALJ's determination is supported by substantial evidence. As such, the ALJ's failure to explain how the evidence submitted by Dr. Kerekes supported her opinion is grounds for remand.

**B. Consistency**

The Court finds, however, that the ALJ appropriately assessed the consistency of Dr. Kerekes' opinion with other evidence in the record.

Plaintiff asserts that the ALJ's evaluation is deficient because he "simply concluded that Plaintiff's 'limited therapy records are rather benign' without any further explanation as to how that invalidated Dr. Kereke's opinion." Dkt. No. 18 at 11. While the Court agrees that the above statement alone would not pass muster, the ALJ includes further information from the record to assess consistency. For instance, in finding Dr. Kerekes' opinion that Plaintiff has "marked limitations in his ability to sustain an ordinary routine and regular attendance at work" not persuasive, the ALJ noted that this was inconsistent with Plaintiff's own admissions stating that "he can dress, bathe, and groom himself, clean, do laundry, iron, use the stove and microwave, take out the trash, shovel snow, pay bills and count change, engage in software engineering, digital art, sculpting and painting, drawing, and game development (Testimony; Exhibit B3E; B6E)." R. 19. Further, in finding the remaining opinion persuasive, the ALJ noted that it was consistent with the "mild to moderate GAD-7 scores during therapeutic treatment with scores ranging from zero to six." R. 19.

**C. Nature of Remand**

The Court finds that remand for further administrative proceedings is the proper remedy in this case so that the ALJ may reconsider the medical opinion evidence regarding supportability. See Estrada v. Comm'r of Soc. Sec., No. 21 Civ. 00153 (SDA), 2022 WL 3337753, at *15 (S.D.N.Y. Aug. 13, 2022). This is not the rare case where a remand for the payment of benefits would be appropriate, as the evidence in the present record "does not unequivocally support a finding of

disability." See Martin v. Comm'r of Soc. Sec., No. 20-CV-01003 (AT) (SDA), 2020 WL 8224884, at *4 (S.D.N.Y. Dec. 21, 2020), report and recommendation adopted, 2021 WL 197429 (S.D.N.Y. Jan. 20, 2021)

## CONCLUSION

For the reasons stated above, Plaintiff's motion is **GRANTED**, the Commissioner's decision is reversed, and this action is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings.

**The Clerk of Court is respectfully requested to close Dkt. No. 17.**

SO ORDERED.

DATED: New York, New York
September 9, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge